**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 12 C 9234 |
| | ) | |
| VILLAGE OF BURNHAM, CITY OF CALUMET CITY, CITY OF HAMMOND, BURNHAM POLICE OFFICER RUSSELL, BURNHAM POLICE OFFICER BOLIN, BURNHAM POLICE OFFICER MORENCY, BURNHAM POLICE OFFICER DALEY, CALUMET CITY POLICE OFFICER JONES, CALUMET CITY POLICE OFFICER BURNETT, HAMMOND POLICE OFFICER SIEGFRIED, HAMMOND POLICE OFFICER ONOHAN, HAMMOND POLICE OFFICER DILLNER, and UNKNOWN CALUMET CITY POLICE OFFICERS, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, JOHN ROSS, by and through his attorney, BASILEIOS J. FOUTRIS, and complaining against the Defendants, VILLAGE OF BURNHAM, CITY OF CALUMET CITY, CITY OF HAMMOND, BURNHAM POLICE OFFICER RUSSELL, BURNHAM POLICE OFFICER BOLIN, BURNHAM POLICE OFFICER MORENCY, BURNHAM POLICE OFFICER DALEY, CALUMET CITY POLICE OFFICER JONES, CALUMET CITY POLICE OFFICER BURNETT, HAMMOND POLICE OFFICER SIEGFRIED, HAMMOND POLICE OFFICER ONOHAN, HAMMOND POLICE OFFICER DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, states as follows:

1

## Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with the Plaintiff's November 19, 2011 arrest.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. The VILLAGE OF BURNHAM is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the VILLAGE OF BURNHAM was the employer of Defendants, BURNHAM POLICE OFFICER RUSSELL, BURNHAM POLICE OFFICER BOLIN, BURNHAM POLICE OFFICER MORENCY and BURNHAM POLICE OFFICER DALEY. BURNHAM POLICE OFFICER RUSSELL, BURNHAM POLICE OFFICER BOLIN, BURNHAM POLICE OFFICER MORENCY and BURNHAM POLICE OFFICER DALEY were at all relevant times employed by the VILLAGE OF BURNHAM as duly appointed police officers in the VILLAGE OF BURNHAM acting within the course and scope of their employment and under color of law. BURNHAM POLICE OFFICER RUSSELL, BURNHAM POLICE OFFICER BOLIN, BURNHAM POLICE OFFICER MORENCY and BURNHAM POLICE OFFICER DALEY are being sued in their individual capacities with respect to the federal claims.

5. The CITY OF CALUMET CITY is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CALUMET CITY was the

employer of Defendants, CALUMET CITY POLICE OFFICER JONES, CALUMET CITY POLICE OFFICER BURNETT and the presently UNKNOWN CALUMET POLICE OFFICERS. CALUMET CITY POLICE OFFICER JONES, CALUMET CITY POLICE OFFICER BURNETT and the presently UNKNOWN CALUMET POLICE OFFICERS were at all relevant times employed by the CITY OF CALUMET CITY as duly appointed police officers in the CITY OF CALUMET CITY acting within the course and scope of their employment and under color of law. CALUMET CITY POLICE OFFICER JONES, CALUMET CITY POLICE OFFICER BURNETT and the presently UNKNOWN CALUMET POLICE OFFICERS are being sued in their individual capacities with respect to the federal claims.

6. The CITY OF HAMMOND is a municipal corporation located in the State of Indiana. At all relevant times, the CITY OF HAMMOND was the employer of Defendants, HAMMOND POLICE OFFICER SIEGFRIED, HAMMOND POLICE OFFICER ONOHAN and HAMMOND POLICE OFFICER DILLNER. HAMMOND POLICE OFFICER SIEGFRIED, HAMMOND POLICE OFFICER ONOHAN and HAMMOND POLICE OFFICER DILLNER were at all relevant times employed by the CITY OF HAMMOND as duly appointed police officers in the CITY OF HAMMOND acting within the course and scope of their employment and under color of law. HAMMOND POLICE OFFICER SIEGFRIED, HAMMOND POLICE OFFICER ONOHAN and HAMMOND POLICE OFFICER DILLNER are being sued in their individual capacities with respect to the federal claims.

7. All the events giving rise to the claims asserted herein occurred within this Judicial District, in the City of Calumet City.

**Facts**

8. On November 19, 2011, the Plaintiff was arrested in Calumet City, Illinois. The November 19, 2011 arrest was made without a warrant.

9. At the time of his arrest, without justification, the Plaintiff was beaten by police officers.

10. The Plaintiff was beaten by RUSSELL and/or BOLIN and/or MORENCY and/or DALEY and/or JONES and/or BURNETT and/or SIEGFRIED and/or ONOHAN and/or DILLNER and/or the presently UNKNOWN CALUMET CITY POLICE OFFICERS.

11. The Plaintiff posed no threat of danger to the Defendants immediately before he was beaten, as he was beaten, or after he was beaten.

12. The Plaintiff suffered injuries and bodily harm due to the manner in which he was treated at the time of his arrest, including a fracture in his face.

13. There was no probable cause or legal justification to use the amount of force utilized by Defendants. The Plaintiff's conduct before, during and after his arrest did not warrant the amount of force used by Defendants.

14. At the time that the Plaintiff was beaten Defendants RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER, and the presently UNKNOWN CALUMET CITY POLICE OFFICERS were all in close proximity to the Plaintiff and could have intervened to stop or prevent the beating but failed to do so.

15. Following the Plaintiff's arrest, the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and the presently UNKNOWN CALUMET CITY POLICE OFFICERS conspired to conceal and/or cover-up the excessive use of force used against the Plaintiff. In doing so the Defendants purposely failed to

4

document the actual events that led to the Plaintiff's injuries, they made statements that were not truthful or accurate concerning the incident but instead concealed the actual events and they allowed reports to be authored that concealed the actual events.

16. The acts of Defendants RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and the presently UNKNOWN CALUMET CITY POLICE OFFICERS were negligent, intentional and/or willful and wanton.

### COUNT I - 42 U.S.C. §1983
### Excessive Force - RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS

17. The Plaintiff re-alleges Paragraphs 1 through 16, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 17.

18. As described above, the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and/or UNKNOWN CALUMET CITY POLICE OFFICERS used excessive force during the arrest of the Plaintiff.

19. The misconduct was undertaken by the Defendants under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

20. The acts of the Defendants were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

21. As a direct and proximate result of the acts and/or omissions of the Defendants the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOHN ROSS, prays for judgment in his favor and against the Defendants, BURNHAM POLICE OFFICER RUSSELL, BURNHAM POLICE OFFICER

BOLIN, BURNHAM POLICE OFFICER MORENCY, BURNHAM POLICE OFFICER DALEY, CALUMET CITY POLICE OFFICER JONES, CALUMET CITY POLICE OFFICER BURNETT, HAMMOND POLICE OFFICER SIEGFRIED, HAMMOND POLICE OFFICER ONOHAN, HAMMOND POLICE OFFICER DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count II - 42 U.S.C. §1983
### Failure to Intervene- RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS

22. The Plaintiff re-alleges Paragraphs 1 through 21, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 22.

23. As described above, the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected, as referenced above, in violation of the United States Constitution, even though they each had a reasonable opportunity to prevent the harm referenced above, but failed to do so.

24. The misconduct was undertaken by the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

25. The acts of the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE

OFFICERS, were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

26. As a direct and proximate result of the acts and/or omissions of the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOHN ROSS, prays for judgment in his favor and against the Defendants, BURNHAM POLICE OFFICER RUSSELL, BURNHAM POLICE OFFICER BOLIN, BURNHAM POLICE OFFICER MORENCY, BURNHAM POLICE OFFICER DALEY, CALUMET CITY POLICE OFFICER JONES, CALUMET CITY POLICE OFFICER BURNETT, HAMMOND POLICE OFFICER SIEGFRIED, HAMMOND POLICE OFFICER ONOHAN, HAMMOND POLICE OFFICER DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

**COUNT III - 42 U.S.C. §1983**
**Conspiracy – RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS**

27. The Plaintiff re-alleges Paragraphs 1 through 26, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 27.

28. As described above, the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, unlawfully, and in violation of the United States Constitution, conspired to conceal and/or cover-up the excessive use of force used against the Plaintiff.

29. The misconduct was undertaken by the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

30. The acts of the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

31. As a direct and proximate result of the acts and/or omissions of the Defendants, RUSSELL, BOLIN, MORENCY, DALEY, JONES, BURNETT, SIEGFRIED, ONOHAN, DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOHN ROSS, prays for judgment in his favor and against the Defendants, BURNHAM POLICE OFFICER RUSSELL, BURNHAM POLICE OFFICER BOLIN, BURNHAM POLICE OFFICER MORENCY, BURNHAM POLICE OFFICER DALEY, CALUMET CITY POLICE OFFICER JONES, CALUMET CITY POLICE OFFICER BURNETT, HAMMOND POLICE OFFICER SIEGFRIED, HAMMOND POLICE OFFICER ONOHAN, HAMMOND POLICE OFFICER DILLNER and UNKNOWN CALUMET CITY POLICE OFFICERS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT IV - Illinois State Law
## Battery – BURNHAM

32. The Plaintiff re-alleges Paragraphs 1 through 31, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 32.

33. As described above, employees of the Defendant, BURNHAM, intended to cause, and did cause, harmful and/or offensive contact of the Plaintiff at the time of his arrest.

34. The misconduct was undertaken by the Defendant's employees under color of law, under the course and scope of their employment as BURNHAM police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

35. As a direct and proximate result of the acts and/or omissions of the Defendant's employees, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOHN ROSS, prays for judgment in his favor and against the Defendant, VILLAGE OF BURNHAM, awarding compensatory damages and costs against the Defendant, VILLAGE OF BURNHAM, as well as any other relief this Court deems just and appropriate.

## COUNT V - Illinois State Law
## Battery – CALUMET CITY

36. The Plaintiff re-alleges Paragraphs 1 through 35, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 36.

37. As described above, employees of the Defendant, CALUMET CITY, intended to cause, and did cause, harmful and/or offensive contact of the Plaintiff at the time of his arrest.

9

38. The misconduct was undertaken by the Defendant's employees under color of law, under the course and scope of their employment as CALUMET CITY police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

39. As a direct and proximate result of the acts and/or omissions of the Defendant's employees, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOHN ROSS, prays for judgment in his favor and against the Defendant, CITY OF CALUMET CITY, awarding compensatory damages and costs against the Defendant, CITY OF CALUMET CITY, as well as any other relief this Court deems just and appropriate.

## COUNT VI - Illinois State Law
## Battery – HAMMOND

40. The Plaintiff re-alleges Paragraphs 1 through 39, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 40.

41. As described above, employees of the Defendant, HAMMOND, intended to cause, and did cause, harmful and/or offensive contact of the Plaintiff at the time of his arrest.

42. The misconduct was undertaken by the Defendant's employees under color of law, under the course and scope of their employment as HAMMOND police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

43. As a direct and proximate result of the acts and/or omissions of the Defendant's employees, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOHN ROSS, prays for judgment in his favor and against the Defendant, CITY OF HAMMOND, awarding compensatory damages and costs against the Defendant, CITY OF HAMMOND, as well as any other relief this Court deems just and appropriate.

### COUNT VII - Illinois State Law
### Negligent/Willful and Wanton Conduct – BURNHAM

44. The Plaintiff re-alleges Paragraphs 1 through 43, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 44.

45. At all relevant times the Defendant, VILLAGE OF BURNHAM, by and through the acts of its agents and/or employees, had a duty to exercise care in its interaction with the Plaintiff.

46. The Defendant, VILLAGE OF BURNHAM, by and through the acts of its agents and/or employees, acted in a negligent, intentional, and/or willful and wanton manner and/or in utter disregard for the Plaintiff's safety in one or more of the following respects

    a. Beat the Plaintiff;

    b. Beat the Plaintiff without lawful justification;

    c. Used excessive force;

    d. Used excessive force without lawful justification;

    e. Failed to intervene to stop or prevent the beating of the Plaintiff;

    f. Failed to intervene to stop or prevent the excessive use of force;

    g. Was otherwise negligent and/or willful and wanton.

47. As a direct and proximate result of the acts and/or omissions of the Defendant's employees, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOHN ROSS, prays for judgment in his favor and against the Defendant, VILLAGE OF BURNHAM, awarding compensatory damages and costs against the Defendant, VILLAGE OF BURNHAM, as well as any other relief this Court deems just and appropriate.

## COUNT VII - Illinois State Law
### Negligent/Willful and Wanton Conduct – CALUMET CITY

48. The Plaintiff re-alleges Paragraphs 1 through 47, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 48.

49. At all relevant times the Defendant, CITY OF CALUMET CITY, by and through the acts of its agents and/or employees, had a duty to exercise care in its interaction with the Plaintiff.

50. The Defendant, CITY OF CALUMET CITY, by and through the acts of its agents and/or employees, acted in a negligent, intentional, and/or willful and wanton manner and/or in utter disregard for the Plaintiff's safety in one or more of the following respects

   a. Beat the Plaintiff;

   b. Beat the Plaintiff without lawful justification;

   c. Used excessive force;

   d. Used excessive force without lawful justification;

   e. Failed to intervene to stop or prevent the beating of the Plaintiff;

   f. Failed to intervene to stop or prevent the excessive use of force;

   g. Was otherwise negligent and/or willful and wanton.

51. As a direct and proximate result of the acts and/or omissions of the Defendant's employees, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOHN ROSS, prays for judgment in his favor and against the Defendant, CITY OF CALUMET CITY, awarding compensatory damages and costs against the Defendant, CITY OF CALUMET CITY, as well as any other relief this Court deems just and appropriate.

### COUNT VIII - Illinois State Law
### Negligent/Willful and Wanton Conduct – HAMMOND

52. The Plaintiff re-alleges Paragraphs 1 through 51, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 52.

53. At all relevant times the Defendant, CITY OF HAMMOND, by and through the acts of its agents and/or employees, had a duty to exercise care in its interaction with the Plaintiff.

54. The Defendant, CITY OF HAMMOND, by and through the acts of its agents and/or employees, acted in a negligent, intentional, and/or willful and wanton manner and/or in utter disregard for the Plaintiff's safety in one or more of the following respects

      a. Beat the Plaintiff;

      b. Beat the Plaintiff without lawful justification;

      c. Used excessive force;

      d. Used excessive force without lawful justification;

      e. Failed to intervene to stop or prevent the beating of the Plaintiff;

      f. Failed to intervene to stop or prevent the excessive use of force;

      g. Was otherwise negligent and/or willful and wanton.

55. As a direct and proximate result of the acts and/or omissions of the Defendant's employees, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JOHN ROSS, prays for judgment in his favor and against the Defendant, CITY OF HAMMOND, awarding compensatory damages and costs against the Defendant, CITY OF HAMMOND, as well as any other relief this Court deems just and appropriate.

### Count X - Illinois State Law
### Indemnification - BURNHAM

56. The Plaintiff re-alleges Paragraphs 1 through 55, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 56.

57. At all relevant times Defendants RUSSELL, BOLIN, MORENCY and DALEY were acting under color of law and under the course and scope of their employment.

58. At all relevant times the VILLAGE OF BURNHAM was the employer of police officers RUSSELL, BOLIN, MORENCY and DALEY.

WHEREFORE, the Plaintiff, JOHN ROSS, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant, VILLAGE OF BURNHAM, in the amounts awarded for compensatory damages, fees and costs to the Plaintiff against Defendants RUSSELL, BOLIN, MORENCY and DALEY, and for whatever additional relief this Court deems just and appropriate.

### Count XI - Illinois State Law
### Indemnification – CALUMET CITY

59. The Plaintiff re-alleges Paragraphs 1 through 58, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 59.

60. At all relevant times Defendants JONES, BURNETT and the presently UNKNOWN CALUMET POLICE OFFICERS were acting under color of law and under the course and scope of their employment.

61. At all relevant times the CITY OF CALUMET CITY was the employer of police officers JONES, BURNETT and the presently UNKNOWN CALUMET POLICE OFFICERS.

WHEREFORE, the Plaintiff, JOHN ROSS, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant, CITY OF CALUMET CITY, in the amounts awarded for compensatory damages, fees and costs to the Plaintiff against Defendants JONES, BURNETT and the presently UNKNOWN CALUMET POLICE OFFICERS, and for whatever additional relief this Court deems just and appropriate.

### Count XII – Indiana State Law
### Indemnification – HAMMOND

62. The Plaintiff re-alleges Paragraphs 1 through 61, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 62.

63. At all relevant times Defendants SIEGFRIED, ONOHAN and DILLNER were acting under color of law and under the course and scope of their employment.

64. At all relevant times the CITY OF HAMMOND was the employer of police officers SIEGFRIED, ONOHAN and DILLNER.

WHEREFORE, the Plaintiff, JOHN ROSS, pursuant to IC § 34-13-4-1, demands judgment against the Defendant, CITY OF HAMMOND, in the amounts awarded for compensatory damages, fees and costs to the Plaintiff against Defendants SIEGFRIED, ONOHAN and DILLNER, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff JOHN ROSS
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com
